# STATE OF MICHIGAN

# COURT OF APPEALS

---

SARA GERRITY f/k/a SARA BENJAMIN
personal representative of ESTATE OF ERIC
GERRITY and ANDREW GERRITY,

        Plaintiffs-Appellants,

v

WOMEN'S & CHILDREN'S HEALTH
SERVICES and JENNIFER ATKINS, M.D. a/k/a
JENNIFER TRYBAN, M.D.,

        Defendant,

and

MARVIN COY, D.O.,

        Defendant-Appellee.

UNPUBLISHED
November 8, 2016

No. 329451
Cheboygan Circuit Court
LC No. 14-008470-NH

---

Before: RONAYNE KRAUSE, P.J., and O'CONNELL and GLEICHER, JJ.

PER CURIAM.

Plaintiffs filed an action alleging wrongful death based on medical malpractice against Dr. Marvin Coy, the obstetrician who delivered their son, Eric Gerrity. Plaintiffs waited nearly seven years to file their complaint, but contended that the statute of limitations had been tolled by the doctor's misrepresentation of their son's cause of death. The circuit court found that plaintiffs were put on notice of their claim contemporaneous with the child's passing and dismissed their complaint as untimely. We affirm.

Plaintiffs Sara and Andrew Gerrity tragically lost their son when he was only 11 days old. They allege that Dr. Coy and the pediatrician[1] who cared for him immediately thereafter informed them "that Eric's death resulted from 'holes in his intestines and stomach.' " The doctors allegedly informed plaintiffs that "Eric was born with the condition and there was nothing that could have been done to prevent this condition and death." Plaintiffs contend that the doctors

---

[1] The parties stipulated to the dismissal of the pediatrician in the circuit court.

-1-

made this misrepresentation to fraudulently conceal their malpractice during labor and delivery and in the day following Eric's birth. Plaintiffs further assert that they did not learn the true cause of Eric's death until January 7, 2013, when the obstetrician delivering their third child investigated the matter.

When Eric was one day old, he was transferred from Cheboygan Memorial Hospital, where he was born, to DeVos Children's Hospital for neonatal intensive care and surgery. At DeVos, Eric's treating physicians met with Eric's parents, Sara and Andrew Gerrity. Given Sara's young age, her mother, Crystal Benjamin, was also present. In her deposition during discovery, Benjamin testified that the DeVos physicians told the family that "Eric had no brain activity" because "he didn't get enough oxygen . . . [d]uring the delivery." This lack of oxygen was the actual cause of Eric's death.

The remaining defendant, Dr. Coy, sought summary disposition under MCR 2.116(C)(7) based on the lateness of plaintiffs' complaint. As a general rule, medical malpractice claims must be brought within two years. MCL 600.5805(6). Plaintiffs retorted that the statute of limitations was tolled until January 7, 2013, because Dr. Coy fraudulently concealed the basis of their claim. MCL 600.5855 thereby granted them until January 7, 2015 to raise their claim, plaintiffs argued. Dr. Coy argued in response that even if he fraudulently concealed the cause of Eric's death, MCL 600.5838a(3) allowed plaintiffs only six months after discovery to file their claims.

We need not resolve whether the two-year or six-month period following discovery of fraud applies in this case. The statute of limitations was not tolled by fraud in this case. The unrefuted testimony of Crystal Benjamin substantiates that plaintiffs were advised by physicians at DeVos that Eric had no brain activity because "he didn't get enough oxygen . . . [d]uring the delivery." Although Dr. Coy had advised plaintiffs that the gastrointestinal holes were present at birth, Dr. Coy provided no information regarding the cause of Eric's *death*. Plaintiffs were advised at DeVos that Eric was deprived of oxygen at delivery and were indisputably aware that his lack of brain activity led directly to his death. Their complaint asserts that Eric died due to complications of hypoxic ischemic encephalopathy, a condition triggered by lack of oxygen at birth. Accordingly, they had enough information to discover the existence of their claim despite Dr. Coy's comment about the origin of the holes. Alternatively stated, Dr. Coy's statement did not prevent plaintiffs from discovering that Eric had sustained a brain injury as a consequence of medical malpractice during his delivery. Plaintiffs were therefore required to file their medical malpractice claim within two years of Eric's death. MCL 600.5805(6). Their failure to do so warranted dismissal.

We affirm.


/s/ Amy Ronayne Krause
/s/ Peter D. O'Connell
/s/ Elizabeth L. Gleicher